UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEANIECE D. CARTER,

        Plaintiff,                  CIVIL ACTION NO. 09-14627

vs.                              DISTRICT JUDGE ARTHUR J. TARNOW
                                      MAGISTRATE JUDGE DONALD A. SCHEER
WACKENHUT CORPORATION,
STATE OF MICHIGAN, and
36TH DISTRICT COURT,

        Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' dispositive motions should be GRANTED, and the instant civil rights complaint DISMISSED, as Plaintiff has failed to establish any violations of her federally secured constitutional rights by the named Defendants.

\* \* \*

     Plaintiff was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on November 25, 2009, against the State of Michigan, the 36th District Court and the Wackenhut Corporation seeking damages for injuries sustained when she attempted to pass through a security screening prior to entering the court. Wackenhut is a private corporation that provides security personnel for the 36th District Court by contract. Plaintiff alleged that she was physically assaulted by six security officers employed by Wackenhut during her arrest on August 11, 2009, without cause and in an attempt to inflict cruel and unusual punishment. She asserted that she was not being assaultive towards the six security guards and therefore the use of such force against her was excessive.

Plaintiff added that she was placed in a detention cell within the 36th District Court for several hours after her arrest. During her detention, Plaintiff claimed that she was denied nutritious food, water, medication, a telephone and clean bathroom facilities. After her release from detention, Plaintiff maintained that she telephoned Marilyn Atkins, the chief judge of the 36th District Court, to complain about her treatment, but that nothing was done to punish the officers involved. Plaintiff sues the State of Michigan, the 36th District Court and the Wackenhut Corporation on the theory of respondeat superior.

The State of Michigan filed a Motion to Dismiss on February 8, 2010, asserting Eleventh Amendment immunity. The Wackenhut Corporation filed a separate Motion to Dismiss and/or for Summary Judgment on February 11, 2010, based upon a failure to state a claim for which relief can be granted. Plaintiff filed responses to the dispositive motions on February 28, 2010, arguing that she had presented a prima facie case of excessive force, false arrest and false imprisonment. She sought indemnification from the defendants for her injuries.

Plaintiff filed an Amended Complaint on February 28, 2010, seeking to add as party defendants Judge Atkins, Angela Hampton, the judge's assistant, and six unknown court security personnel identified as John Doe 1 and 2 and Jane Doe 1 through 4. She contended that the judge and her assistant did not take any action to address her grievance against court security personnel.

## DISMISSAL OF LOCAL GOVERNMENT DEFENDANT

There is no proper basis alleged in the complaint for a claim against the 36th District Court for the City of Detroit. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are

executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff identifies no specific custom or policy which contributed to, or resulted in, her alleged mistreatment.

ELEVENTH AMENDMENT IMMUNITY OF STATES AND THEIR OFFICIALS

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.
>
> U.S. Const. amend. XI.

This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. Edelman v. Jordan, 415 U.S. 652 (1974); Hans v. Louisiana, 134 U.S. 1 (1890). The amendment also bars suits for monetary relief against state officials sued in their official capacity.

The Eleventh Amendment has no application under two circumstances: 1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the states' immunity. Since Plaintiff makes no argument for waiver or abrogation, the State of Michigan is entitled to summary dismissal.

DISMISSAL OF WACKENHUT CORPORATION

The six unnamed court security personnel who allegedly used excessive force to injure Plaintiff worked for the Wackenhut Company, a private corporation which provides security personnel for the Michigan courts by contract. Wackenhut, however, acting as an agent of the State, is not liable under the theory of respondeat superior. Berry v. City of

3

Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994); Street v. Corrections Corporation of America, 102 F.3d 810, 817-818 (6th Cir. 1996). The general rule is that a private corporation, carrying out a governmental function, may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom that was a "moving force" behind the alleged constitutional violation. Monell v. Dept of Social Services, 436 U.S. 658, 694 (1978); Graham v. County of Washtenaw, 358 F.3d. 377, 383 (6th Cir. 2004).

Plaintiff has failed to allege in her Complaint that anyone deliberately used excessive force in reliance on any specific custom or procedure maintained by Wackenhut. Accordingly, Wackenhut's Motion to Dismiss and/or for Summary Judgment should be granted.

ABSOLUTE JUDICIAL IMMUNITY

To the extent that Plaintiff seeks damages against a judicial officer (Marilyn Atkins), her claim must be dismissed. Judicial officers are entitled to absolute immunity from damages for actions taken in the course of their duties in the judicial process. No immunity doctrine pertaining to individuals is more strongly established than that of judicial immunity. Sound policy concerns favor judicial immunity in suits for money damages to avoid impairment of the judicial process. Pierson v. Ray, 386 U.S. 547 (1967); Barnes v. Winchell, 105 F.3d 1111 (6th Cir. 1997). Quasi-judicial immunity also extends to those persons who perform tasks so integral to, or intertwined with, the judicial process that they are considered an arm of the judicial officers who are immune. Cooper v. Parrish, 203 F.3d 937, 950 (6th Cir. 2000). As a result, court clerks, probation officers and administrators such as Angela Hampton are protected by this immunity. Bush v. Rauch, 38 F.3d 842, 847

(6th Cir. 1994). Even if Plaintiff is allowed to amend her complaint to add the chief judge and her assistant as party defendants, such an amendment would be futile.

UNNAMED DEFENDANTS

In general, the use of unnamed defendants is not favored in the federal courts. See Colle v. Brazos County, Tex., 981 F.2d 237, 243 (5th Cir.1993). The mere naming of a person by use of a fictitious title does not make that person a party to a lawsuit, and it does not prevent the entry of final judgment. Nagle v. Lee, 807 F.2d 435, 440 (5th Cir.1987); Haddad v. Fromson, 154 F.Supp. 2d 1085, 1093 (W.D. Mich 2001). Rather than allow Plaintiff to amend her complaint to add six John and Jane Doe defendants, an appropriate disposition of the claims against them would be an order denying the proposed amendment without prejudice. This would preserve Plaintiff's ability to bring an action within the limitations period, should she later learn their identities. See Brown v. Our Lady of Lourdes Med. Ctr., 767 F.Supp. 618, 621 (D.N.J. 1991), *aff'd*, 961 F.2d 207 (3d Cir.1992).

For the foregoing reasons, it is recommended that the respective Motions to Dismiss and/or for Summary Judgment filed by the State of Michigan and the Wackenhut Corporation be GRANTED. Given this recommendation, Plaintiff's Motion for Leave to Amend her Complaint to add defendants (Docket #22) should be denied, as the proposed amendments fail to state a claim upon which relief may be granted. At this point in time, the requested amendments would be futile.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: March 15, 2010

## CERTIFICATE OF SERVICE

I hereby certify on March 15, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 15, 2010: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217