UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEANIECE D. CARTER,

       Plaintiff,

v.

WACKENHUT CORPORATION, STATE
OF MICHIGAN, and 36TH DISTRICT
COURT,

       Defendants.
_____/

Case No. 09-14627

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
DONALD A. SCHEER

**ORDER
ADOPTING REPORT AND RECOMMENDATION [28],
GRANTING DEFENDANT WACKENHUT CORPORATION'S MOTION FOR
SUMMARY JUDGMENT [18],
GRANTING DEFENDANT STATE OF MICHIGAN'S MOTION TO DISMISS [14],
DISMISSING DEFENDANT 36TH DISTRICT COURT FROM THE ACTION,
DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [22],
and
DISMISSING THE CASE**

This suit arises from events that occurred on August 11, 2009, as Geaniece Carter ("Plaintiff") attempted to enter the 36th District Court. Defendants to the action are the 36th District Court, the State of Michigan, and the Wackenhut Corporation, a private entity that contracts to provide security services to the Defendant court. Plaintiff alleges that she suffered compensable injuries as she attempted to pass through a security screening prior to entering the court, and that she was assaulted during her subsequent arrest. On November 25, 2009, Plaintiff commenced this action by filing a Complaint [1] alleging that Defendants applied excessive force in violation of her Fourth Amendment rights, and that Defendants are also liable under theories of false arrest/false imprisonment, assault and libel.

Pursuant to the Court's prior Order [15], pretrial matters have been referred to the

1

Magistrate Judge. Now before the Court is the Magistrate Judge's Report and Recommendation [28], which recommends that Defendants' dispositive motions [14] and [18] be granted, that Plaintiff's Motion to Amend the Complaint [22][1] be denied, and that the case dismissed. Plaintiff has filed a timely Objection [29] to the Report and Recommendation [28].

For the reasons stated below, the Report and Recommendation will be ADOPTED and entered as the findings of the Court.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(b), the Court must apply a *de novo* review to any portion of a magistrate judge's recommended dispositive order to which objections have been properly articulated.

A magistrate judge's nondispositive orders regarding pretrial matters shall not be disturbed upon review unless "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## II. DISCUSSION

In the Report and Recommendation [28], the Magistrate Judge recommends the dismissal of the constitutional claims asserted against each of the named Defendants in this suit.

A. THE 36TH DISTRICT COURT

The Magistrate Judge concludes that Defendant 36th District Court for the City of Detroit cannot be held liable under 42 U.S.C. § 1983 because Plaintiff has identified no official policy, practice or custom that the court's employees or agents were executing at the time of the alleged constitutional violation. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Unless the injury is caused by the City's policy or custom, the City cannot be held vicariously liable for constitutional violations by its employees. *Id.* To satisfy *Monell*, a plaintiff must "identify the policy, connect the policy to the City itself and show that a particular

---

[1] In the Motion to Amend the Complaint [22], Plaintiff seeks to add six John/Jane Doe Defendants, and also to add 36th District Court Judge Marilyn Atkins and her staff member, Angela Hampton.

injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's Complaint fails to identify any official policy, practice or custom the execution of which caused her alleged constitutional injury. Although Plaintiff states in her Objection [29] that she "complied with State of Michigan policy regarding prohibited items allowed in the Courthouse," there still exists no allegation that the City of Detroit maintained a policy or custom causing constitutional injury. *See* Pl.'s Obj. at 6.

For foregoing reasons, the Court finds that the constitutional claims asserted against Defendant 36th District Court should be DISMISSED.

B.  THE STATE OF MICHIGAN

The Magistrate Judge concludes that Defendant State of Michigan is entitled to summary dismissal because Plaintiff has failed to plead in avoidance of Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984) ("'[A]n unconsenting State is immune from suits brought in federal courts by her own citizens,'" and "[t]his jurisdictional bar applies regardless of the nature of the relief sought.") (internal citations omitted).

In her Objection [29], Plaintiff engages in some discussion of principles of qualified immunity. *See* Pl.'s Obj. at 6-15. Then, specifically, "Plaintiff objects to [the Magistrate's] conclusion that Plaintiff has not attempted to make [an] argument for abrogation" of Eleventh Amendment immunity. *See* Pl.'s Obj. at 15. Plaintiff concedes that her failure to plead in avoidance of governmental immunity results from her own misunderstanding of the doctrine, but suggests that this was "the failure of the Court" because "Plaintiff was promised appointed counsel by this court but never receive the assistance from any attorney providing this matter." *See id.* at 15, 16.

Indeed, on December 18, 2009, the Court entered an Order Granting Plaintiff's Application to Proceed In Forma Pauperis and Conditionally Granting Plaintiff's Application for

3

Appointment of Counsel [4]. In that Order, the Court explicitly noted that "[a]ppointment of counsel in a civil case is not a constitutional right." *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Nevertheless, the Court ordered that this matter would be "referred to the Court's *pro bono* program for the appointment of counsel," but specified: "[i]f reasonable efforts to assign *pro bono* counsel are unsuccessful, this matter will be returned to the Court's docket, and Plaintiff may proceed *pro se*." *See* Order [4]. On December 28, 2009, this matter was referred to Mr. Alan Wittenberg, Esq., for review and referral to attorneys participating in the Michigan Association for Justice (MAJ) Pro Bono Program. Mr. Wittenberg met with Plaintiff on January 12, 2010, to review her case, but concluded that pro bono assistance would be unavailable. *See* Letter dated Dec. 28, 2009, appended to this Order. In a letter to Plaintiff, Mr. Wittenberg explained:

> As has been indicated by other lawyers you have consulted with, it will be very difficult to prove any significant damages as a result of what occurred while you were trying to get into the 36th District Court. Further, it would be very difficult to prove liability against the 36th District Court and/or enforcement officers. I think you took proper action by filing a report with the 36th District Court.

*See* Letter dated Jan. 19, 2010, appended to this Order. Thus, because reasonable efforts to assign *pro bono* counsel were unsuccessful, this matter was returned to the docket, and Plaintiff was permitted to proceed *pro se*.

Plaintiff's suggestion that a "failure of the Court" has prevented her from filing facially sufficient pleadings is an inadequate ground for objection to the Report and Recommendation. Therefore, the Court will ADOPT the Magistrate Judge's recommendation, and the constitutional claims asserted against State of Michigan will be DISMISSED.

    C.    WACKENHUT CORPORATION

The Magistrate Judge found that Defendant Wackenhut Corporation, a private company, cannot be held liable under the theory of respondeat superior because it acts as an agent of the

State when providing contractual security services for the Michigan courts.[2] *See* Report & Recommendation at 3. Alternatively, the Magistrate Judge suggests that Defendant Wackenhut cannot be held liable as an agent of the municipal government because Plaintiff has not pled that Wackenhut was executing an "official policy" that was "the moving force of [a] constitutional violation." *Id.* at 4 (citing *Monell*, 436 U.S. at 694).

In her Objection [29], Plaintiff asserts that, "[i]f Defendant Wackenhut is an arm of anything," it is an agent of the City of Detroit, not the State of Michigan, which Plaintiff suggests "disqualifies [Wackenhut] for [governmental] immunity." However, even if Wackenhut is to be deemed a municipal agent, Plaintiff still has not identified an "official policy" compelling Wackenhut's actions that were allegedly "the moving force of [a] constitutional violation," so as to establish liability pursuant to 42 U.S.C. § 1983. *See Monell*, 436 U.S. at 694.

Therefore, the Court will ADOPT the Magistrate Judge's recommendation, and the constitutional claims asserted against Defendant Wackenhut Corporation will be DISMISSED.

D.   STATE-LAW TORT CLAIMS

In her Objection [29], Plaintiff further protests that the Report and Recommendation does not address her claim for libel/slander. *See* Pl.'s Obj. at 2. Indeed, the Complaint states several claims sounding in tort: Count I (False Arrest/False Imprisonment), Count III (Libel/Slander), and Count IV (Assault).

The Court agrees with Defendant Wackenhut, which argues in its Motion to Dismiss [14] that the Complaint fails to set forth the elements for any tort cause of action, and fails to identify facts to support any such claim. Furthermore, the Court notes that, because the constitutional claims against each named Defendant will be dismissed based on the foregoing discussion, any

---

[2] In its Motion to Dismiss [14], Defendant Wackenhut noted that "[t]here is no dispute that the instant Defendant is a private security company," and argued that "Plaintiff has pled no facts in her complaint to allow the Court ot conclude, or even infer, that the Defendant was acting under color of state law." *See* Def.'s Mot. Dismiss at 8.

5

remaining state-law claims cannot be sustained based on this Court's federal jurisdiction.

Therefore, as to the Report and Recommendation's omission of discussion regarding any implied state-law claims, Plaintiff's Objection [29] is DENIED.

E.     MOTION TO AMEND THE COMPLAINT [22]

Finally, in a Motion to Amend the Complaint [22], Plaintiff seeks to add six John/Jane Doe Defendants, and also to add 36th District Court Judge Marilyn Atkins and her staff member, Angela Hampton as defendants to this action.

In the Report and Recommendation, the Magistrate Judge advises that amendment is futile as to Judge Atkins and her staff member, because they are respectively protected from suit under the doctrines of judicial immunity and quasi-judicial immunity. *See* Report and Recommendation at 4-5 (citing *Pierson v. Ray*, 386 U.S. 547 (1967); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). The Court agrees, and thus Plaintiff's Motion to Amend [22] will be DENIED WITH PREJUDICE as to Judge Atkins and her staff person.

The Magistrate Judge further advises that "[r]ather than allow Plaintiff to amend her complaint to add six John and Jane Doe defendants, an appropriate disposition of the claims against them would be an order denying the proposed amendment without prejudice. This would preserve Plaintiff's ability to bring an action within the limitations period."

Particularly in light of the apparent destruction of federal jurisdiction over any state-law tort claims Plaintiff might assert against individual Wackenhut employees, the Court will ADOPT the Magistrate Judge's recommendation on this issue. As to the John/Jane Doe Defendants, Plaintiff's Motion to Amend [22] will be DENIED WITHOUT PREJUDICE.

### III. CONCLUSION

For the reasons stated above, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Report and Recommendation [28], is **ADOPTED** and entered as the findings of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [29] thereto are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant State of Michigan's Motion to Dismiss [14] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Wackenhut Corporation's Motion for Summary Judgment [18] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant 36th District Court is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that, pursuant to judicial immunity doctrine, Plaintiff's Motion to Amend [22] is **DENIED WITH PREJUDICE** as to Judge Atkins and her staff person, Angela Hampton.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [22] is **DENIED WITHOUT PREJUDICE** as to the individual John/Jane Doe Defendants against whom Plaintiff seeks to assert state-law claims in tort.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: July 6, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and Geaniece D Carter, P.O. Box 441196, Detroit, MI 48244 on July 6, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager